FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA MARIE C.,<br><br>                  Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br><br><br>               Defendant. | NO:  2:19-CV-0004-FVS<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment.

ECF Nos. 10, 15.  This matter was submitted for consideration without oral

argument.  Plaintiff is represented by attorney Dana C. Madsen.  Defendant is

---

[1] Andrew M. Saul is now the Commissioner of the Social Security

Administration.  Accordingly, the Court substitutes Andrew M. Saul as the

Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P.

25(d).2

ORDER ~ 1

represented by Special Assistant United States Attorney Jeffrey R. McClain. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is denied and Defendant's Motion, ECF No. 15, is granted.

## JURISDICTION

Plaintiff Kristina Marie C.[2] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on June 9, 2015, alleging an onset date of May 18, 2015, in both applications. Tr. 169-75, 185-94. Benefits were denied initially, Tr. 104-06, and upon reconsideration, Tr. 138-50. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 16, 2017. Tr. 36-79. On January 4, 2018, the ALJ issued an unfavorable decision, Tr. 14-30, and on November 5, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was 46 years old at the time of the hearing.  Tr. 45.  She has a high school diploma and is one year away from a bachelor's degree.  Tr. 46.  She has work experience as a caregiver, bill collector, mental health technician, scheduler, pawn broker, and foster parent.  Tr. 44-46.

Plaintiff testified she stopped working because of migraines and chronic back pain.  Tr. 43.  Her back pain goes from the bottom of her back to her shoulder blades.  Tr. 48.  The pain goes into her legs and down to her foot; the right leg is worse.  Tr. 49.  Her foot goes numb.  Tr. 49.  She gets cramping in her left leg.  Tr. 49.  She tore the meniscus in her right knee and had surgery the year before the hearing.  Tr. 50.

Her migraines began when she was hit in the head at work in 2007.  Tr. 51.  She takes medication but still experiences migraines that can last from a couple of hours to a couple of days or even a week.  Tr. 51.  When she gets a migraine, she cannot do anything and is nonfunctional.  Tr. 52.  She gets two or three migraines per month.  Tr. 52.  She also lost 17 percent of her right peripheral vision when she was hit in the head.  Tr. 52.  She testified that her eyes get blurry, she gets black spots in her vision, and she sometimes has blackouts five or six times per month.  Tr. 53-54.  She has dizzy spells daily.  Tr. 60-61.  Plaintiff testified she has depression, anxiety, and panic attacks.  Tr. 61, 63.

She had a heart attack the month before the hearing and had three stents placed.  Tr. 55.   She has a lot of pressure in her chest and gets out of breath easily.  Tr. 57.  She testified that she has a lot of restrictions and is not allowed to push, pull,

ORDER ~ 3

bend, stretch, or lift over five pounds and she is limited in standing and walking. Tr. 57.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

ORDER ~ 4

(quotation and citation omitted).  The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S.

396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the

meaning of the Social Security Act.  First, the claimant must be "unable to engage in

any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months."  42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must

be "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C. §§

423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine

whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-

(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is

engaged in "substantial gainful activity," the Commissioner must find that the

claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

ORDER ~ 5

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the

past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since May 18, 2015, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: heart disease, diabetes, obesity, degenerative disc disease, degenerative joint disease of the right knee status post-surgery, headaches, and depression. Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work with the following additional limitations:

> [She] requires a sit/stand option which allows her to alternate between sitting and standing positions every 30 minutes with a transitional period lasting up to five minutes while remaining at her workstation; she can never climb ladders, ropes, and scaffolds; she can occasionally climb ramps and stairs; she can occasionally stoop, crouch, and kneel; she can never crawl; she must avoid exposure to extreme cold, extreme heat, and extreme wetness or humidity; she must have no more than occasional exposure to irritants and chemicals (fumes, odors, dust, gases and poorly ventilated lighted areas in industrial settings); she must not use moving or dangerous machinery or work at unprotected heights; she must work in a low stress job, which is defined as not requiring the worker to have to cope with work related circumstances that could be dangerous to the worker or others; and the job must not require peripheral acuity.

Tr. 21.

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a personnel scheduler and collection clerk. Tr. 28. Alternatively, at step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are other

ORDER ~ 8

jobs existing in significant numbers in the national economy that Plaintiff can perform such as cashier II.  Tr. 29.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from May 18, 2015, through the date of the decision.  Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 10.  Plaintiff raises the following issues for review:

1.      Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

2.      Whether the ALJ properly considered the medical opinion evidence. ECF No. 10 at 16.

## DISCUSSION

**A.      Symptom Testimony**

Plaintiff contends the ALJ improperly rejected her symptom testimony. ECF No. 10 at 17.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ concluded the objective findings show that Plaintiff is not as severely limited as alleged and her impairments do not preclude her from all work activities. Tr. 25-26. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ discussed the record regarding Plaintiff's back pain in detail, noting benign physical exams, physician observations of inconsistencies, and inconsistency between Plaintiff's testimony and medical records. Tr. 25-26 (citing Tr. 335, 365, 373-74, 382, 436, 498, 526-28, 570-76). The ALJ also discussed the neurological record and determined that Plaintiff's allegation of debilitating migraine symptoms is not supported by the benign findings of her neurologist. Tr. 26. The ALJ noted physician observations and objective findings indicating inconsistencies with her allegations. Tr. 26 (citing Tr. 343, 436, 515, 518). The ALJ also observed Plaintiff's depressive symptoms correspond with her pain and

ORDER ~ 11

the presence of stressors such as financial and interpersonal difficulties. Tr. 25 (citing Tr. 451, 497). Plaintiff does not challenge this finding, ECF No. 10 at 17, and this is a clear and convincing reason supported by substantial evidence.

Second, the ALJ found Plaintiff's activities of daily living show that she is not as limited as alleged. Tr. 26. It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints. *See Rollins*, 261 F.3d at 857. However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain. *Fair,* 885 F.2d at 603. Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The ALJ noted that Plaintiff lives alone and is able to complete household chores such as laundry, grocery shopping, and preparing meals. Tr. 26, 498. The ALJ observed that these activities are inconsistent with her reported limitations in lifting, bending, reaching, pushing and pulling due to chronic pain. Tr. 26, 220-25. The ALJ found that Plaintiff's household activities indicate that Plaintiff retains

ORDER ~ 12

greater physical functioning than described. Tr. 26. Plaintiff contends these activities do not detract from her symptom claims. ECF No. 10 at 17 (citing *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998); *Fair*, 885 F.2d 597). However, Plaintiff does not explain how the ALJ's conclusion regarding specific limitations is erroneous and the Court concludes the ALJ's finding is based on a reasonable interpretation of the record.

Even if the ALJ erred in considering Plaintiff's daily activities, the other reasons cited by the ALJ are unchallenged and are specific, clear and convincing reasons supported by substantial evidence. Thus, the error, if any, is harmless. *See Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record."); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding harmless error when the ALJ lists additional reasons, supported by substantial evidence, for discrediting claimant's symptom complaints); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that any error the ALJ committed in asserting one impermissible reason for claimant's lack of credibility did not negate the validity of the ALJ's ultimate conclusion that the claimant's testimony was not credible).

Third, the ALJ found that the conservative nature of Plaintiff's treatment shows that she is not as limited as alleged. Tr. 26. Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony.

20 C.F.R. §§404.1529(c)(4), 416.929(c)(4).  Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment. *See Parra v. Astrue,* 481 F.3d 742, 750–51 (9th Cir.2007); *see also Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir.1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").  The ALJ noted there is no indication that Plaintiff has been considered for spinal surgery and that her treatment has primarily consisted of prescription medications, heat therapy, and stretching exercises.  Tr. 26, 302, 306, 311. Plaintiff does not challenge this finding, and the ALJ properly considered the relatively mild treatment received by Plaintiff in evaluating her symptoms claims. This is a specific, clear and convincing reason supported by substantial evidence.

Because Plaintiff challenges only the ALJ's conclusion that the Plaintiff's daily activities were inconsistent with Plaintiff's symptom complaints, ECF No. 10 at 17, Plaintiff waived challenges to the ALJ's other reasons for finding her symptoms less severe than alleged.  *See Carmickle*, 533 F.3d at 1161 n.2. Notwithstanding, having reviewed the record and the ALJ's decision, the Court concludes that the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for giving less weight to Plaintiff's symptom claims.  Tr. 25-26.

**B.    Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly consider and weigh the medical opinion evidence. ECF No. 10 at 17-19. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

ORDER ~ 15

Plaintiff's only argument is that the ALJ gave too much weight to the opinions of examining physicians Beverly Allen, M.D., and Jeffrey Jamison, D.O., who examined Plaintiff but did not review the record. ECF No. 10 at 18-19. Plaintiff contends the ALJ should have given more weight to the opinions of Joseph T. Campbell, PA-C, and examining psychologist Kayleen Islam-Zwart. ECF No. 10 at 19.

Dr. Allen examined Plaintiff in December 2015 and diagnosed adjustment disorder with depressed mood and anxiety. Tr. 365-69. She opined that Plaintiff would have no difficulty in any mental functional area, except occasionally would need to use coping strategies to maintain attention and concentration for complex tasks. Tr. 368-69. The ALJ gave great weight to Dr. Allen's mental health assessment because it is consistent with Plaintiff's report that her back pain makes it difficult to complete tasks and concentrate. Tr. 27, 225. The ALJ also found Dr. Allen's opinion is consistent with her "serial sevens" performance during the examination. Tr. 27, 368.

Dr. Jamison examined Plaintiff in January 2016 and diagnosed chronic low and mid back pain, depression, muscle spasm, probable fibromyalgia, and pain behaviors. Tr. 370-75. He opined Plaintiff can walk, stand, or sit for six hours in and eight-hour workday; does not need an assistive device; can lift or carry 30 pounds occasionally and 20 pounds frequently; should not kneel, bend, or crawl; and has no manipulative or environmental restrictions. Tr. 374-75. The ALJ gave partial weight to Dr. Jamison's opinion because Plaintiff had knee surgery and

steroid injections which provided good pain relief, so the ALJ found the postural limitations related to kneeling and bending could be reduced to occasional. Tr. 21, 27, 395-96, 473-75. However, the ALJ also found that Plaintiff's newer cardiac condition should be accounted for by the more restrictive limitation of sedentary exertion. Tr. 21, 27, 53-76.

Plaintiff contends that the reports by Dr. Allen and Dr. Jamison are incomplete because neither doctor reviewed Plaintiff's medical or psychological records. ECF No. 10 at 19. Without citing any specific records contradicting the findings of Dr. Allen and Dr. Jamison, Plaintiff asserts, "these doctors had no knowledge of [Plaintiff's] history and their reports are not complete." ECF No. 10 at 19. Indeed, Dr. Allen indicated that no records were made available to her for review and Dr. Jamison indicated he had reviewed one record from June 2015 showing low back pain and mild pain syndrome, but an MRI report was not available. Tr. 365, 370.

Plaintiff contends Dr. Allen's and Dr. Jamison's reports are incomplete based on 20 C.F.R. § 404.1519n. ECF No. 10 at 19. As Defendant points out, that regulation only applies to claims filed after March 27, 2017, and this claim was filed in 2015. ECF No. 15 at 4. Even if that regulation did apply, it provides no authority for the conclusion that the report of a medical examiner is incomplete without a review of records. *See* 20 C.F.R. §§ 404.1519n, 416.919n. The applicable regulation provides that the extent to which a medical source is "familiar with the other information in [the claimant's] case record" is a relevant

ORDER ~ 17

factor in weighing a medical opinion, but that is just one of several factors to be considered, including supportability and consistency with the record as a whole. 20 C.F.R. §§ 404.1527(c), 416.927(c). In any event, there is no authority indicating that the report of an examining physician is incomplete without a records review.

Plaintiff next argues that the opinion of Dr. Jamison should not outweigh the opinion of Joseph T. Campbell, PA-C, who completed a DSHS Physical Functional Evaluation form in October 2016. Tr. 482-84. Mr. Jamison diagnosed cervical, thoracic, and lumbar pain and indicated Plaintiff is unable to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, or crouch. Tr. 483. He opined she is severely limited and unable to meet the demands of sedentary work. Tr. 484. The ALJ is required to consider evidence from non-acceptable medical sources such as physician assistants, 20 C.F.R. §§ 404.1527(f), 416.927(f), but may discount testimony from these sources if the ALJ "gives reasons germane to each witness for doing so." *Molina*, 674 F.3d at 1104. The ALJ gave little weight to Mr. Campbell's opinion. Tr. 28.

First, the ALJ found that Mr. Campbell's opinion is not consistent with Dr. Jamison's exam findings or the exam findings and observations of her treating provider, John Wurst, M.D. Tr. 28, 435-38. The ALJ noted that during exams, Plaintiff was observed to be sitting and standing without difficulty and ambulating independently. Tr. 28, 302, 341, 443, 575. The amount of relevant evidence supporting an opinion and the consistency of a medical opinion with the record as

ORDER ~ 18

a whole are relevant factors in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Second, the ALJ found that Mr. Campbell's opinion is inconsistent with her daily activities, and, as discussed *supra*, and this finding is supported by substantial evidence. Plaintiff does not challenge the ALJ's germane reasons for giving Mr. Campbell's opinion no weight and they are supported by substantial evidence.

Plaintiff also argues that the opinion of Dr. Allen should not outweigh the opinion of Kathleen Islam-Zwart, Ph.D., ECF No. 19 at 21. Dr. Islam-Zwart examined Plaintiff in November 2016 and completed a DSHS Psychological/Psychiatric Evaluation form.[3] Tr. 492-99. She diagnosed major depressive disorder, recurrent, severe with panic attacks, and opined that Plaintiff has marked limitations in the ability to perform activities within a schedule,

---

[3] According to Plaintiff, Dr. Islam-Zwart "examined Plaintiff on two occasions." ECF No. 10 at 19. Dr. Islam-Zwart's report notes only one exam, Tr. 496, Plaintiff does not cite any record of a second exam, and the Court finds none. Moreover, although Plaintiff argues that Dr. Allen's report should be given less weight because she did not review any records, ECF Nos. 10 at 19, 16 at 3, there is no indication in Dr. Islam-Zwart's report that she reviewed any of Plaintiff's records, either. Tr. 492-99.

ORDER ~ 19

maintain regular attendance, and be punctual; communicate and perform effectively in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 493. Dr. Islam-Zwart assessed the overall severity of Plaintiff's combined mental impairments as marked. Tr. 493. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31). The ALJ gave partial weight to Dr. Islam-Zwart's opinion.

First, the ALJ found Dr. Islam-Zwart's opinion is not supported by her own narrative report and Plaintiff's good performance on mental status exams in the record. Tr. 27. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ noted Dr. Islam-Zwart's findings, including that although Plaintiff presented as emotional and distressed, she had not taken her anti-depressant medication in several days. Tr. 27, 499. Despite the lack of medication, Plaintiff scored 28 out of 30 on the mental status exam, well-above the cutoff of 24 for impairment. Tr. 27, 498; *see also* Tr. 367-68. This is a specific, legitimate reason supported by substantial evidence.

Second, the ALJ found Dr. Islam-Zwart's opinion conflicts with Dr. Allen's opinion finding much less severe limitations. Tr. 27. An ALJ may choose to give

ORDER ~ 20

more weight to an opinion that is more consistent with the evidence in the record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). For the reasons discussed herein, this finding is supported by substantial evidence and the ALJ reasonably gave less weight to Dr. Islam-Zwart's opinion.

The ALJ reasonably considered the evidence and weighed the medical opinions accordingly. As such, the ALJ's resolution of the conflicting opinions is legally sufficient and without error. The Court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett*, 180 F.3d at 1097.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** March 26, 2020.

_____*s/ Fred Van Sickle*_____
Fred Van Sickle
Senior United States District Judge